

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,715-01

## IN RE UNIVERSITY OF TEXAS MEDICAL BRANCH-GALVESTON, Relator

## ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS AND PETITION FOR WRIT OF MANDAMUS CAUSE NO. 011545 IN THE 259TH DISTRICT COURT OF JONES COUNTY

NEWELL, J., delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, YEARY and WALKER, JJ., joined. SLAUGHTER, J., filed a concurring opinion. KEEL and MCCLURE, JJ., concurred.

The Office of Capital and Forensic Writs sought and received two

sealed *ex parte* orders from the 259th District Court of Jones County on

behalf of Real Party in Interest, Dillion Compton. One order compels

the University of Texas Medical Branch-Galveston, Relator, to conduct

brain imaging on the Real Party in Interest and directs the Texas Department of Criminal Justice to arrange transportation for that brain imaging.  The other order, which is no longer at issue, compelled TDCJ to provide certain confidential records to OCFW.[1]  OCFW sought the orders pursuant to its post-conviction investigation into the Real Party in Interest's capital murder conviction and sentence.  UTMB and TDCJ challenged the *ex parte* orders by filing a motion to set aside the discovery orders in the trial court.  After initially granting the motion to set aside the discovery orders and then holding a hearing, the trial court ultimately denied the motion to set aside the discovery orders and entered an order reinstating the original *ex parte* orders.

Relator now seeks leave from this Court to file a petition for a writ of mandamus and requests that this Court vacate the remaining *ex parte* order regarding the brain imaging and transportation for the brain imaging of the Real Party in Interest.  Because the trial court was without authority to enter the order at issue *ex parte*, we grant Relator's motion for leave to file and conditionally grant mandamus relief.

---

[1] OCFW withdrew its request pertaining to the TDCJ records and the trial court entered an order withdrawing its *ex parte* order compelling the release of those TDCJ records. Only UTMB filed a motion for leave to file a petition for a writ of mandamus before this Court.

We recently held that a trial court lacks authority to enter an *ex parte* order to a third party for the production of records pursuant to an *ex parte* discovery request.[2]  We granted mandamus relief in that case and explained that judges are prohibited from permitting or considering *ex parte* communications unless expressly authorized by law.[3]  There is no statutory or constitutional authorization for *ex parte* criminal discovery.[4]  Likewise, we rejected the contention that a trial court's inherent authority can provide express authorization to proceed *ex parte* noting that "[t]o do otherwise would render meaningless the limitation placed upon trial court's regarding *ex parte* communications."[5]

While this case does not involve a request for records it is nevertheless analogous.  The order at issue compels Relator to conduct brain imaging on the Real Party in Interest and compels TDCJ, another third party, to arrange transportation.  The Real Party in Interest argues

---

[2] *In re City of Lubbock*, 666 S.W.3d 546, 559 (Tex. Crim. App. 2023); *see also In re TDCJ*, No. WR-91,688-01, 2023 WL 4003792, at * 2 (Tex. Crim. App. June 14, 2023) (not designated for publication).

[3] *Id.* at 558.

[4] *Id.* at 558.

[5] *Id.* The United States Supreme Court seems to have reached a similar conclusion with regard to a similar order pursuant to federal statutory law.  *Shoop v. Twyford*, 142 S.Ct. 2037, 2046 (2022) (an order compelling state to transport petitioner for medical testing was not "necessary or appropriate" because petitioner had not established the desired evidence would be admissible in federal habeas proceedings) (citing 28 U.S.C. § 1651(a)).

that the trial court's order was not a discovery order and points to Article 11.071, Section 3, as support for the trial court's authority. Article 11.071, Section 3, authorizes *ex parte* requests in only two instances (1) a request for prepayment of expenses, including expert fees, to investigate and present potential habeas corpus claims and (2) a claim for reimbursement for expenses for habeas corpus investigation that are reasonably necessary and reasonably incurred.[6] The *ex parte* order at issue does not involve a request for prepayment of expenses nor a claim for reimbursement of expenses. While the Real Party in Interest's *ex parte* motion cites Article 11.071, § 3, it otherwise makes no mention of expenses at all. We need not consider whether the trial court had the discretion to otherwise enter the order because we conclude that it did not have the authority to do so *ex parte.*[7] The only *ex parte* communications expressly authorized by Article 11.071 relate to the prepayment or reimbursement of expenses. We need not decide whether the trial court could have ordered the requested transportation for expert assistance had the Real Party in Interest first sought

---

[6] Tex. Code Crim. Proc. art. 11.071, § 3(b) & (d).

[7] *Lubbock*, 666 S.W.3d at 553 ("Neither do we need to address whether the trial court had the inherent authority to issue the order in this case. Rather, as will explain below, we need only decide whether the *ex parte* nature of the proceeding was expressly and constitutionally authorized. It was not.").

prepayment for the testing pursuant to Article 11.071, §3 because the Real Party in Interest did not do that in this case.[8]

We grant leave to file and conditionally grant Relator's petition for a writ of mandamus. The writ of mandamus will issue only in the event that the district court fails to comply with this opinion.

Delivered: October 18, 2023

Publish

---

[8] We have previously held that a trial court is not authorized to order a third party to create evidence pursuant to discovery. *In re State ex. rel. Best*, 616 S.W.3d 594, 600 (Tex. Crim. App. 2021).